UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:03-cr-00112-LEW |
| | ) | |
| MYMY TRAN, | ) | |
| | ) | |
| Defendant - Petitioner | ) | |

ORDER ON PETITION FOR WRIT OF ERROR CORAM NOBIS

The matter is before the Court on Defendant-Petitioner Mymy Tran's Petition for Writ of Error Coram Nobis (ECF No. 127) and associated Memorandum of Law (ECF No. 127-1). The Government opposes the Motion. Gov't Resp. (ECF No. 131). For reasons set out below, the Motion is denied.

BACKGROUND

Following a jury trial in August 2004, Tran was found guilty of one count of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of distributing cocaine base and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. In December 2004, the Court sentenced Tran to a 40-month term of imprisonment on both counts to be followed by 48 months' of supervision. Tran, with the assistance of counsel, filed a notice of appeal. Tran, again with the assistance of counsel, later moved to voluntarily dismiss her direct appeal before the First Circuit. *United States v. Tran*, No. 05-1047 (1st Cir. Jan. 25, 2005). The First Circuit granted Tran's unopposed motion in February 2005.

In January 2006, Tran, proceeding pro se, filed a 28 U.S.C. § 2255 motion. *Tran v. United States*, 2:06-cv-00010-GZS. In her § 2255 motion, Tran acknowledged: "I did not appeal my conviction. I was told it would do me no good[.]" *Tran v. United States*, 2:06-cv-00010-GZS (ECF No. 1 at 3). Among other grounds for relief, Tran requested a reduced sentence because of the immigration consequences associated with her 2004 conviction for drug distribution offenses. The Court denied Tran's § 2255 motion in June 2006.

Tran has long since served her sentence. Now, more than twenty years after her conviction, Tran, proceeding pro se, seeks the writ of coram nobis. In her Petition, Tran claims that she suffers from "a documented intellectual disability, severe language limitations, and impaired comprehension." Pet. at 1. According to Tran, these cognitive and language limitations rendered her decision to voluntarily dismiss her direct appeal before the First Circuit unknowing and involuntary because there was not "any competency-focused inquiry or tailored colloquy designed to ensure that she understood the nature, finality, and consequences of abandoning appellate review." *Id.* at 4-6. Tran adds that her "inability to knowingly and intelligently waive her appellate rights deprived her of meaningful review and foreclosed the opportunity for constitutional errors to be addressed at a time when effective remedies were available." *Id.* at 6.

Tran's coram nobis petition does not specify what issues she would have pursued on direct appeal. Nor does she explain why these issues would have resulted in her conviction being vacated by the First Circuit. Tran also fails to explain why she did not challenge her inability to knowingly and voluntarily waive her right to pursue a direct appeal in view of her cognitive and language impairments in her prior § 2255 motion. Still,

Tran maintains that the entire criminal proceedings were rendered structurally defective for want of an in-court, appeal-withdrawal colloquy.  *See*, *e.g.*, Mem. of Law at 15.

## STANDARD

> The writ of coram nobis is a remedy of last resort for the correction of fundamental errors of fact or law.  To establish that coram nobis relief is warranted, a coram nobis petitioner must explain his failure to seek earlier relief from the judgment, show that he continues to suffer significant collateral consequences from the judgment, and demonstrate that the judgment resulted from an error of the most fundamental character.  Even when these three requirements are satisfied, the court may exercise its discretion to deny the petition if the petitioner fails to show that justice demands the extraordinary balm of coram nobis relief.

*Aceituno v. United States*, 132 F.4th 563, 569 (1st Cir. 2025), *cert. denied,* 146 S. Ct. 152 (2025) (internal quotation marks and citation omitted).

Tran's circumstances do not meet the heavy burden required to obtain a writ of coram nobis.  First, Tran has failed to justify waiting 20 years to seek relief.  Her justification, in fact, relates to her concern for the immigration consequences of her conviction, and the timing appears to be a function of current immigration and customs enforcement activity rather than prior incapacity.  In fact, Tran understood that her conviction bore certain immigration consequences as early as 2006, since she raised her immigration concern in her 2255 motion.  Tran did not appeal the judgment entered against her 2255 motion.  As for the existence of a most fundamental error, Tran also fails to make a compelling case.  She had the representation of counsel at trial and the jury convicted her.  She had the representation of counsel on appeal and with the advice of counsel withdrew her appeal.  Nothing Tran says now suggests that counsel's advice was deficient

in any regard or prejudicial to her defense.  Finally, Tran does not present facts showing that justice demands the vacatur of her conviction.  Tran does not even attempt to show that her conviction was unjust; she only contends that she should have received an in-court colloquy before being allowed to withdraw her appeal due to her poor cognitive and communicative functioning.  The withdrawal was counseled, however, and, again, nothing suggests that the advice of counsel was deficient as to any issue associated with her trial and conviction that might be contested on appeal.  Particularly in the context of a conviction entered following a jury trial, and where, as here, there is no suggestion of a legal or factual error that undermined the jury's verdict, it is beyond "dubious that granting the writ would promote the interest of justice." *Aceituno v. United States*, 132 F.4th 563, 572 (1st Cir. 2025), *cert. denied,* 146 S. Ct. 152 (2025) (quoting *Williams v. United States*, 858 F.3d 708, 718 (1st Cir. 2017)).

## CONCLUSION

"When it appears questionable that an error of the most fundamental character has transpired and it seems dubious that granting the writ will promote the interests of justice, a federal court should decline to exercise its discretion so as to disturb a judgment that has long since become final. So it is here."  *United States v. George*, 676 F.3d 249, 260 (1st Cir. 2012).  Defendant's Motion for Writ of Error Coram Nobis (ECF No. 127) is DENIED.

SO ORDERED.

Dated this 14th day of July, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

4